UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

NOV 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50050 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00313-DMG-1 |
| v. | Central District of California, Los Angeles |
| ANTOINE EUGENE GERALD, AKA Antoine Eugene Powell, | ORDER |
| Defendant-Appellant. | |

Before: HURWITZ, BRESS, and BUMATAY, Circuit Judges.

The unopposed petition for panel rehearing is granted. The memorandum disposition issued October 15, 2020 is amended and the clerk shall issue the amended disposition submitted concurrently with this order. No further petitions for rehearing or rehearing en banc may be filed.

**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 5 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50050 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00313-DMG-1 |
| v. | |
| ANTOINE EUGENE GERALD, AKA Antoine Eugene Powell, | AMENDED MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted October 8, 2020
Pasadena, California

Before: HURWITZ, BRESS, and BUMATAY, Circuit Judges.

Antoine Gerald was convicted of attempted murder (18 U.S.C. §§ 1113 and 1114) and assault of a federal employee with a deadly weapon (18 U.S.C. § 111(b)). We have jurisdiction of Gerald's appeal under 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and affirm.

1. The district court's conclusion that Gerald was competent to stand trial,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

reached after two evidentiary hearings, was "plausible in light of the record viewed in its entirety." *United States v. Working*, 224 F.3d 1093, 1102 (9th Cir. 2000) (en banc) (cleaned up). Among other evidence, the district court considered an unrebutted expert opinion stating that Gerald had "demonstrated the ability to understand the nature and consequences of the court proceedings against him and to properly assist counsel in his defense." *See Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam).

2.    The district court did not clearly err in failing to sua sponte order a third competency evaluation. "When a trial judge has held an initial competency hearing and has determined that the defendant is competent to stand trial, the decision whether to hold a second or subsequent competency hearing rests in the trial judge's sound discretion." *United States v. White*, 670 F.3d 1077, 1082 (9th Cir. 2012). Gerald's behavior after the second hearing did not present "sufficient evidence . . . to establish a bona fide doubt as to [the defendant's] ability to understand the nature and consequences of the proceedings against him." *Id.* at 1083.

3.    The district court did not err in allowing Gerald to represent himself. Whether a defendant is unable "to carry out the basic tasks needed to present his own defense without the help of counsel" is a decision left to the trial court's discretion. *United States v. Ferguson*, 560 F.3d 1060, 1067-68, 1070 n.6 (9th Cir. 2009) (quoting *Edward v. Indiana*, 554 U.S. 164, 175-76 (2008)). The district court

2

did not abuse that discretion in relying on a forensic psychologist's opinion that there was "no objective evidence to indicate Mr. Gerald suffers from signs or symptoms of a major mental disorder" or "organic disorder" that would impair his ability to represent himself, nor from an "involuntary mental disorder" that would render his behavior uncontrollable.

The district court did not err in permitting Gerald to represent himself during the trial. Gerald participated in the basic tasks of self-representation. He asked questions during voir dire, moved to strike a juror who worked in a similar occupation as the victim, objected to the admission of evidence, cross-examined all government witnesses, proffered evidence, made a closing argument, and filed an objection to the presentence report ("PSR"). "[U]northodox defenses" and missed advocacy opportunities are not sufficient to strip a defendant of his Sixth Amendment right to self-representation. *See United States v. Johnson*, 610 F.3d 1138, 1140, 1147 (9th Cir. 2010).

4. The district court did not clearly err in applying the base offense level for attempted first-degree murder pursuant to U.S.S.G. §2A2.1(a)(1). Even assuming, as Gerald contends, that the PSR (which the district court adopted) misstated the law, there is no "reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343, 1345-47 (2016) (cleaned up). Gerald admitted that he brought a

3

knife to the post office, and the victim had recently testified against him in a different proceeding. *See United States v. Reza-Ramos*, 816 F.3d 1110, 1124 (9th Cir. 2016) (bringing a murder weapon to scene of crime is "strong evidence" of premeditation); *United States v. Begay*, 673 F.3d 1038, 1043 (9th Cir. 2011) (en banc) (prior relationship as evidence of premeditation). And, Gerald told the victim that "I'm going to kill you because you lied on me in the Court."

**AFFIRMED.**